**STATE ex rel. GILL v. MORRIS, Secretary of State.**

No. 10702—Opinion Filed July 20, 1920.

(Syllabus by the Court.)

**Constitutional Law—Amendment of Federal Constitution — Ratification by States — State Referendum.**

Referendum provisions of state Constitutions and statutes cannot be applied in the ratification or rejection of amendments to the federal Constitution without violating the requirement of article 5 of such Constitution, that such ratification shall be by the Legislatures of the several states, or by conventions therein, as Congress shall decide.

Original proceeding in mandamus by the State, on the relation of Warren P. Gill, to require Joe S. Morris, Secretary of State, to file referendum petition. Writ denied.

Stuart, Cruce & Cruce, for complainant.

S. P. Freeling, Atty. Gen., and E. L. Fulton, Asst. Atty. Gen., for respondent.

KANE, J. This is an original proceeding in mandamus commenced by the complainant for the purpose of securing an order commanding the respondent, as Secretary of State, to file a certain referendum petition, which seeks to submit Senate Concurrent Resolution No. 2, which ratifies the joint resolution of the Congress of the United States proposing the prohibition amendment to the federal Constitution, to a vote of the people, pursuant to the referendum clause of the state Constitution. The respondent, as Secretary of State, refused to receive the referendum petition or to file the same in his office or to transmit the same to the Attorney General, to provide a ballot title as provided by state law, upon the following grounds, which are indorsed on the petition:

"Filing within petition is hereby refused and rejected for the reason that the 1919 session of the Legislature of Oklahoma, under its constitutional powers, by Senate Concurrent Resolution No. 2, ratified the joint resolution of the Congress of the United States, proposing the prohibition amendment to the Constitution of the United States, thereby binding the state of Oklahoma; and which action of said Legislature is final and in conformity with the Constitution of Oklahoma, and the said resolution of the Congress of the United States, and not subject to reference to the people by referendum petition."

The prohibition amendment was proposed by the Congress pursuant to that part of article 5 of the federal Constitution which provides, in substance, that the Congress, whenever two-thirds of both houses deem it necessary, shall propose amendments to this Constitution, which shall be valid to all intents and purposes as part of the Constitution, when ratified by the Legislatures of three-fourths of the several states; and the concurrent resolution of the Legislature which is sought to be referred was passed for the purpose of ratifying this proposed amendment.

The contentions of the Attorney General, in behalf of the respondent, are summarized by him in his brief as follows:

"First. In adopting article 5 of the federal Constitution, wherein it is provided that the Constitution might be ratified 'by the Legislatures of three-fourths of the several states, or, by conventions in three-fourths thereof' the intention and purpose of the constitutional convention was to exclude the people of the various states from voting directly upon amendments to the Constitution and to give such right only to their representatives in the Legislature, or in a convention called for the purpose of ratifying the amendment. That is, the word 'Legislature,' as used in this article, refers to a representative legislative body, and does not refer to or comprehend the legislative power or authority of a state.

"Second. The act of the Legislature of this state in ratifying the prohibition amendment to the Constitution of the United States was not an act of the Legislature as used and contemplated in section 1, article 5, of the state Constitution, providing for the referendum."

On the other hand it is contended: (1) That the word "Legislature," as used in the fifth article of the Constitution of the United States, is not used in its technical and restricted sense, but means the law-making power of the state, in existence at the time the amendment to the Constitution of the United States was submitted to the original states by Congress. (2) That the referendum provision of the Constitution of Oklahoma applies to all legislative action by the state Legislature, except as to those particular laws enumerated in the initiative and referendum section, and applies alike to acts, bills, and resolutions.

Whatever differences of legal and judicial opinion may have existed as to the proper

solution of the questions presented herein have been definitely settled favorably to the contention of the Attorney General by the Supreme Court of the United States in the opinions recently handed down in Hawke v. Smith, Secretary of State, and Hawke v. Smith, Secretary of State, reported in No. 16, U. S. Supreme Court Advance Opinions, Lawyers Co-op. Publishing Co. Edition, pages 609, 612, respectively.

In the first of these opinions, which reversed a decree of the Supreme Court of Ohio affirming a decree of the lower court by which a demurrer was sustained to a petition seeking to enjoin the submission of a referendum to the electors on the question of the ratification, which the general assembly had made of the proposed 18th Amendment to the federal Constitution, it was held that:

"Referendum provisions of state Constitutions and statutes cannot be applied in the ratification or rejection of amendments to the federal Constitution without violating the requirement of article 5 of such Constitution, that such ratification shall be by the Legislatures of the several states, or by conventions therein, as Congress shall decide."

The second case involved the submission to a vote of the people under the referendum the proposed 19th Amendment to the Constitution, extending the right of suffrage to women. The Supreme Court held that the case presented the same question as that already decided in the first case and reversed the judgment of the Supreme Court of Ohio which held that the Constitution of the state, requiring such submission by a referendum to the people, did not violate article 5 of the federal Constitution.

Upon authority of those cases, the writ prayed for is denied.

All the Justices concur.