**UNITED STATES v. PANOS et al.**

No. 22116.

District Court, N. D. Illinois, E. D.

Dec. 18, 1930.

George E. Q. Johnson, U. S. Atty., and Eugene A. Tappy and Walter E. Wiles, Asst. U. S. Attys., all of Chicago, Ill.

Henry C. Beitler, Emanuel Greenwald, Harold D. Jackson, and David Alswang, all of Chicago, Ill., for defendant.

LINDLEY, District Judge.

The motion presented herein attacks the constitutionality of the Eighteenth Amendment of the Constitution of the United States upon the grounds recently urged and relied upon in the United States District Court of the District of New Jersey. U. S. v. Sprague, 44 F.(2d) 967.

At the outset, it should be observed that with the wisdom, or lack of wisdom, and with the desirability as a matter of policy, or lack of such desirability so far as the Eighteenth Amendment or any other amendment is concerned, the court has no concern. All questions of policy, under the Constitution, rest with those bodies which have to do with the adoption of Constitutions and ratification of amendments thereto, and, so far as legislation is concerned, with Congress.

It is contended that the Eighteenth Amendment is of such character as to make it necessary, in order to constitute a valid amendment, that the same should have been submitted to constitutional conventions in the various states for ratification; that inasmuch as the effect of the amendment is to grant to the federal government jurisdiction over a subject-matter previously within the sole jurisdiction of the various states, it follows that, under a correct interpretation of the methods prescribed for the adoption of amendments, a valid adoption could have been achieved only through the convention system.

In this connection it is only proper to remember that all jurisdiction exercised by the federal government is exercised by virtue of the Constitution and laws enacted thereunder; that the Constitution itself is a grant of powers from the states to the federal government; that each amendment thereto conferring additional jurisdiction upon the federal government is a grant of power from the respective several states to the federal government and that no jurisdiction exists in the United States government except by virtue of grant of powers through the Constitution or amendments thereto from the several states. Thus, in the original Constitution, the several states granted to the United States government exclusive jurisdiction over all new inventions and creations, bankruptcy, the postal system, the national currency system, and various other branches of federal jurisdiction. In view of that exclusive grant,

the several states have reserved no jurisdiction over the subject-matters thus placed under federal jurisdiction. The Eighteenth Amendment provided merely for a similar grant of power from the several states to the federal government for the control of intoxicating liquors. It is no more and no less a grant of power from the several states to the federal government than that provision of the Constitution which grants to the federal government all jurisdiction over inventions, exercised through the enactment of laws governing patents. It is no more and no less a grant of power to the federal government than that granted by the several states in the provision granting exclusive jurisdiction to the federal government over the postal system. The states may at any time grant to the federal government other powers, previously reserved.

The Tenth Amendment of the Constitution provides that: "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." It is this latter provision which the cited opinion apparently construes as requiring ratification of amendments of such character as the Eighteenth Amendment by convention solely.

Unfortunately for this contention the Constitution is itself utterly silent upon this nice point. It merely provides that amendments may be proposed by two-thirds of each House of Congress or by a national convention, which Congress must call after two-thirds of the state Legislatures ask for it, and that the proposed amendments, "in either Case, shall be valid to all Intents and Purposes, as Part of this Constitution, when ratified by the Legislatures of three fourths of the several States, or by Conventions in three fourths thereof, as the one or the other Mode of Ratification may be proposed by the Congress." Article 5.

Under the contention urged, we must say that the framers of the Constitution and the first ten amendments made a provision by implication, sub silentio, to the effect that under certain conditions it should be mandatory that amendments be submitted to conventions rather than to Legislatures. I know of no basis for inferring that the framers of the Constitution had any such intention. I find no implication of such intent upon their part. Congress seems to have been given entire discretion as to the choice of bodies to which any amendment, should be submitted. The men who drafted the Constitution and the bill of rights included in the first ten amendments and proposed them for adoption were, in the light of history, too intelligent and cautious to allow their words to convey a meaning in no wise expressed.

The only exception to freedom of discretion upon the part of Congress is that "no State, without its Consent, shall be deprived of its equal Suffrage in the Senate." Article 5. Upon all other questions there is nothing found anywhere in the Constitution which in any wise limits the freedom of choice upon the part of Congress in this respect or makes it in any wise mandatory that Congress shall refer certain classes of amendments only to state conventions.

In the case of Hawke v. Smith, 253 U. S. 221, 40 S. Ct. 495, 497, 64 L. Ed. 871, 10 A. L. R. 1504, decided June 1, 1920, Mr. Justice Day delivered his opinion and used this language:

"The method of ratification is left to the choice of Congress. Both methods of ratification, by Legislatures or conventions, call for action by deliberative assemblages representative of the people, which it was assumed would voice the will of the people.

"The fifth article is a grant of authority by the people to Congress. The determination of the method of ratification is the exercise of a national power specifically granted by the Constitution; that power is conferred upon Congress, and is limited to two methods, by action of the Legislatures of three-fourths of the states, or conventions in a like number of states. Dodge v. Woolsey, 18 How. 331, 348, 15 L. Ed. 401. The framers of the Constitution might have adopted a different method. Ratification might have been left to a vote of the people, or to some authority of government other than that selected. The language of the article is plain, and admits of no doubt in its interpretation. It is not the function of courts or legislative bodies, national or state, to alter the method which the Constitution has fixed.

"All of the amendments to the Constitution have been submitted with a requirement for legislative ratification; by this method all of them have been adopted."

To the same effect is the decision of our own Circuit Court of Appeals in Peter Hand Co. v. United States 2 F.(2d) 449.

Discussing the very point now urged, Professor McBain of Columbia University Law School, who expressed regret at the adoption of the Eighteenth Amendment, in his work upon prohibition says: " 'In 1920

it was seriously argued before the Supreme Court by distinguished members of the bar that the ninth and tenth amendments to the Constitution rendered void an amendment which withdrew from the states any important police power, such as the power to control the sale of intoxicating liquor. The ninth amendment declares that "the enumeration in the constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." The tenth declares that "the powers not delegated to the United States by the Constitution nor prohibited by it to the states, are reserved to the states respectively, or to the people." The contention that these amendments made the valid adoption of the eighteenth impossible was, despite the high source of its urging, manifestly absurd. The Supreme Court apparently gave it the slight consideration it deserved. In announcing the conclusions of the court, for no opinion was written, the majority merely said: "The prohibition * * * as embodied in the eighteenth amendment is within the power to amend." Even the judges who dissented on other points in that case fully concurred on this point. Any other conclusion would have been preposterous.' "

It seems obvious from the decision of the Supreme Court that Congress' discretion with respect to submission to proposed amendments to Legislatures or to conventions is wholly unlimited. If we were to hold otherwise, all the points urged against the Eighteenth Amendment could with equal success be urged against every amendment of the Constitution adopted since the Twelfth Amendment. If the Eighteenth Amendment is void as a constitutional enactment, so likewise is the Thirteenth Amendment which abolished slavery, for that amendment likewise granted to the federal government sole jurisdiction over a subject-matter which had previously been a matter of state jurisdiction. No one of the amendments since that time has been submitted to any bodies other than the state Legislatures, and the Supreme Court has never yet held any part of the original Constitution or of any amendment to the Constitution, void.

Remembering that the Supreme Court has said in at least three cases that the Eighteenth Amendment was adopted in accordance with the provisions of the United States Constitution, that it was ratified by the Legislatures of forty-six of the forty-eight states; that the Supreme Court has never declared void any amendment so ratified; that the Supreme Court has said that Congress may determine whether amendments may be referred to Legislature or convention; and that to hold the Eighteenth Amendment was not ratified in a constitutional manner in the respect now urged would necessarily invalidate all amendments since and including the Thirteenth Amendment—it seems to me that the question of constitutionality involved is without merit.

Accordingly the motion is overruled, and an exception allowed.