CHANDLER, GOVERNOR OF KENTUCKY, ET AL. *v.* WISE ET AL.

No. 14. Argued October 10, 11, 1938. Reargued April 18, 1939.—Decided June 5, 1939.

*Mr. J. W. Jones,* Assistant Attorney General of Kentucky, on the reargument and on the original argument, for petitioners.

*Mr. Lafon Allen* on the original argument, and with *Mr. Oldham Clarke* on the reargument, for respondents.

By special leave of Court, *Solicitor General Jackson,* with whom *Mr. Paul A. Freund* was on the brief, argued the case on behalf of the United States, as *amicus curiae,* urging reversal.

By leave of Court, *Messrs. Orland S. Loomis,* Attorney General of Wisconsin, *Mortimer Levitan* and *Newell S. Boardman,* Assistant Attorneys General, filed a brief on behalf of that State, as *amicus curiae,* urging reversal.

Opinion of the Court by MR. CHIEF JUSTICE HUGHES, announced by MR. JUSTICE STONE.

In January, 1937, the legislature of Kentucky adopted a resolution purporting to ratify the constitutional amendment proposed by the Congress in 1924 and known as the "Child Labor Amendment." [1]

Respondents, citizens, taxpayers and voters in Kentucky, brought this suit in the state court to restrain the Governor of the Commonwealth and the officers of the General Assembly from sending certified copies of the resolution to the Secretary of State of the United States and the presiding officers of the Senate and House of Representatives, and for a judgment declaring the action of the General Assembly to be illegal and void. The complaint stated that in 1926 the proposed amendment had been rejected by the General Assembly of the Commonwealth and also by more than a majority of the legislatures of the States, and that the General Assembly could not thereafter legally reconsider and adopt the amendment; and, further, that its action was not taken within a reasonable time after the amendment was proposed.

Upon the filing of the petition, a restraining order was granted and summons was issued. On the same day, but before the Governor was actually served with a copy of the restraining order or summons, he forwarded by mail a certified copy of the resolution to the Secretary of State. It is not claimed that the Governor then knew of the pendency of the proceeding.

Plaintiffs then filed an amended petition setting forth the action taken by the Governor and sought a mandatory

---

[1] 43 Stat. 670.

injunction to require him to notify the Secretary of State of the pendency of the suit and that the notice which he had sent was void and should be disregarded. That action was not taken. Defendants filed a general demurrer which was sustained in the Circuit Court but its judgment was reversed by the Court of Appeals. 270 Ky. 1; 108 S. W. 2d 1024.

The court gave opportunity on the remand to the Circuit Court, with directions to overrule the demurrer, for such further proceedings as were not inconsistent with its views. Upon that remand the defendants declined to plead further and judgment was entered in accordance with the opinion of the Court of Appeals. The judgment so entered set forth (1) that an actual controversy existed between the parties, that the plaintiffs had the right to maintain the suit and the court had jurisdiction; (2) that the resolution of the legislature purporting to ratify the proposed amendment was void, not having been ratified according to the provisions of the Constitution of the United States; (3) that the notice given by the Governor to the Secretary of State was of no effect; (4) that the clerk of the court should give official notice to the Department of State that the resolution purporting to ratify the amendment was invalid, that it had not been ratified according to the provisions of the Constitution of the United States, and that the notice given by the Governor was of no effect. The clerk was further directed to send a duly authenticated copy of the judgment to the Secretary of State by registered mail.

On appeal, that judgment was affirmed by the Court of Appeals. We granted certiorari. 303 U. S. 634.

We think that, while the state court had jurisdiction *in limine,* the writ of certiorari should be dismissed upon the ground that after the Governor of Kentucky had forwarded the certification of the ratification of the amendment to the Secretary of State of the United States there

was no longer a controversy susceptible of judicial determination.

*Dismissed.*

MR. JUSTICE MCREYNOLDS and MR. JUSTICE BUTLER think that the judgment of the Court of Appeals of Kentucky should be affirmed on the authority of *Dillon* v. *Gloss,* 256 U. S. 368, and for the reasons stated in the dissenting opinion in *Coleman* v. *Miller, ante,* p. 470.

MR. JUSTICE BLACK and MR. JUSTICE DOUGLAS, concurring:

For the reasons stated in concurring opinion in *Coleman* v. *Miller, ante,* p. 456, we do not believe that state or federal courts have any jurisdiction to interfere with the amending process.

We therefore concur in the dismissal.