RATIFICATION OF CONSTITUTIONAL AMENDMENT **** A STATE MAY NOT SUBJECT RATIFICATION OF A PROPOSED CONSTITUTIONAL AMENDMENT OF POPULAR REFERENDUM. A STATE LEGISLATURE MAY NOT STATUTORILY OR OTHERWISE LIMIT OR RESTRICT THE METHOD OF ADOPTION OR RATIFICATION OF A PROPOSED AMENDMENT TO THE UNITED STATES CONSTITUTION; THE DECISION AS TO WHETHER A STATE LEGISLATURE MAY RESTRICT THE LONGEVITY OF A RATIFIED AMENDMENT LIES ULTIMATELY WITH THE CONGRESS. HOWEVER, A STATE LEGISLATURE MAY PROVIDE FOR GUIDELINES AND PROCEDURES FOR THE CONVENTION AS WELL AS THE LEGISLATIVE MODE OF RATIFICATION OF PROPOSED AMENDMENT TO THE UNITED STATES CONSTITUTION.
OPINION — AG — ** RATIFICATION OF CONSTITUTIONAL AMENDMENT ** A STATE MAY NOT SUBJECT RATIFICATION OF A PROPOSED CONSTITUTIONAL AMENDMENT TO POPULAR REFERENDUM. A STATE LEGISLATURE MAY NOT STATUTORILY OR OTHERWISE LIMIT OR RESTRICT THE METHOD OF ADOPTION OR RATIFICATION OF A PROPOSED AMENDMENT TO THE UNITED STATES CONSTITUTION; THE DECISION AS TO WHETHER A STATE LEGISLATURE MAY RESTRICT THE LONGEVITY OF A RATIFIED AMENDMENT LIES ULTIMATELY WITH THE CONGRESS. HOWEVER, A STATE LEGISLATURE MAY PROVIDE FOR GUIDELINES AND PROCEDURES FOR THE CONVENTION AS WELL AS THE LEGISLATIVE MODE OF RATIFICATION OF PROPOSED AMENDMENT TO THE UNITED STATES. CITE: ARTICLE V, 75 O.S. 1975 Supp., 26.42 [75-26.42], 75 O.S. 1974 Supp., 16.41 [75-16.41] (MARVIN EMERSON)
RATIFICATION OF CONSTITUTIONAL AMENDMENT A state may not subject ratification of a proposed constitutional amendment to popular referendum. A State Legislature may not statutorily or otherwise limit or restrict the method of adoption or ratification of a proposed amendment to the United States Constitution; the decision as to whether a State Legislature may restrict the longevity of a ratified amendment lies ultimately with the Congress. However, a State Legislature may provide for guidelines and procedures for the convention as well as the legislative mode of ratification of proposed amendment to the United States Constitution. This is to acknowledge receipt of your letter wherein you ask the following questions: 1. Can a State Legislature subject the ratification of a proposed amendment to the United States Constitution to popular referendum? 2. Does the State Legislature have the authority to restrict the longevity of a ratified amendment or limit by statute its method of adoption? Taking the questions in order. Article V of the United States Constitution provides in specific language the method of ratifying a proposed constitutional amendment. Article V provides as follows: "The Congress, whenever two thirds of both Houses shall deem it necessary, shall propose Amendments to this Constitution, or on the Application of the Legislatures of two thirds of the several States, shall call a Convention for proposing Amendments, which, in either Case, shall be valid to all Intents and Purposes, as Part of this Constitution, when ratified by the Legislatures of three fourths of the several States, or by Conventions in three fourths thereof, as the one or the other Mode of Ratification may be proposed by the Congress; Provided that no Amendment which may be made prior to the Year One thousand eight hundred and eight shall in any Manner affect the first and fourth clauses in the Ninth Section of the first Article; and that no State, without its consent, shall be deprived of its equal Suffrage in the Senate." The cases construing the authority of a State Legislature to send a proposed constitutional amendment to a state referendum are voluminous. The most recent case, a 1974 Montana case, State of Montana ex rel, Hatch v. Murray, 526 P.2d 1369, concerned an original proceeding seeking to enjoin the Secretary of State from taking any action to submit a joint resolution of the Legislature ratifying the Equal Rights Amendment to voters at a General Election. The Supreme Court of Montana held that the State could not subject ratification by the Legislature of a proposed amendment to the Federal Constitution to popular referendum nor could it otherwise limit its Legislature in the exercise of its federal function of ratifying such amendments. To do otherwise would be contrary to numerous opinions of the United States Supreme Court. A much earlier Oklahoma case addressed itself to the issues of referendum and proposed constitutional amendments in State ex rel Gill v. Morris, 79 Okl: 89, 191 P. 364. The Court stated: "Referendum provisions of state Constitutions and statutes cannot be applied in the ratification or rejection of amendments to the federal-Constitution without violating the requirement of Article V of such Constitution that such ratification shall be by the legislatures of the several states or by conventions therein, as Congress shall decide." Numerous United States Supreme Court cases have held that the ratification of proposed constitutional amendments is a federal function and the State Legislatures must follow the method set forth in the United States Constitution. In the United States Supreme Court case of Hawke v. Smith, 253 U.S. 221, at 230, 40 S.Ct. 495, 64 L.Ed. 871, the Court stated: "It is true that the power to legislate in the enactment of the laws of a state is derived from the people of the state; But the power to ratify a proposed amendment to the Federal Constitution has its source in the Federal Constitution. The act of ratification by the state derives its authority from the Federal Constitution to which the state and its people have alike assented." Hawke v. Smith further states at 227: "The 5th article is a grant of authority by the people to Congress. The determination of the method of ratification is the exercise of a national power specifically granted by the Constitution; that power is conferred upon Congress, and is limited to two methods: by action of the legislatures of three fourths of the states, or conventions in a like number of states. Dodge v. Woolsey, 18 How. 331, 348, 15 L.Ed. 401, 407. The framers of the Constitution might have adopted a different method. Ratification might have been left to a vote of the people, or to some authority of government other than that selected. The language of the article is plain, and admits of no doubt in its interpretation. It is not the function of courts or legislative bodies, national or state, to alter the method which the Constitution has fixed. In the United States Supreme Court case of Rhode Island v. Palmer, 253 U.S. 350, 40 S.Ct. 486, 64 L.Ed. 946, the Court states: "Referendum provisions of State Constitutions and statutes cannot be applied in the ratification or rejection of amendments to the Federal Constitution without violating the requirement of Article V of such Constitution, that such ratification shall be by the Legislatures of the several states, or by conventions therein, as Congress shall decide." Thus, ever since the Hawke case, it has been clear that a state may not subject ratification of a proposed constitutional amendment to popular referendum. As related to your second question, the pertinent language of 75 O.S.Supp. 1974, 26.42, is: "The joint resolution shall expire on the date of sine die adjournment of the Second Session of the Legislature by which it was adopted unless the resolution states another expiration date. The joint resolution shall not be counted in favor of ratification after the expiration date thereof. The Legislature may rescind any ratification resolution previously approved; in any event the ratification resolution shall not be counted in favor of ratification if such rescission occurs before the proposed amendment becomes part of the United States Constitution." In Dillon v. Gloss, 256 U.S. 368, 41 S.Ct. 510,65 L.Ed. 994, (1921), the Court upheld the fixing by Congress of a period during which ratification of a proposed amendment must be accomplished. In reaching that conclusion the Court stated that: "The fair inference or implication from Article V is that the ratification must be within some reasonable time after proposal, which Congress is free to fix." The Court observed in Coleman v. Miller, 307 U.S. 433,59 S.Ct. 972, that "As ratification is but the expression of the approbation of the people and is to be effective when had in three-fourths of the states, there is a fair implication that it must be sufficiently contemporaneous in that number of states to reflect the will of the people in all sections at relatively the same period, which, of course, ratification scattered through a long series of years would not do. ". . . The question of a reasonable time in many cases would involve; as in this case it does involve, an appraisal of a great variety of relevant conditions, political, social and economic, which can hardly be said to be within the appropriate range of evidence receivable in a court of justice and as to which it would be an extravagant extension of judicial authority to assert judicial notice as the basis of deciding a controversy with respect to the validity of an amendment actually ratified . . . These questions are essentially political and not justiciable." It would seem then that the only body authorized to fix or limit the time during which an amendment may be ratified is Congress. As it is the "ratification by the required number of states and not the proclamation thereof by the Secretary of State that gives effect to the amendment". U.S. ex rel Widenmann v. Colby, 265 F. 998, affirmed 256 U.S. 619. Congress, in controlling the promulgation of the adoption of a constitutional amendment has the final determination of the question of whether by lapse of time a proposed amendment has failed or expired. During the interim (that is between the time when the proposed amendment is given to the states for ratification and the date by which it must be ratified, which time has been set at seven years since the Eighteenth Amendment was proposed), it would also seem that a state could ratify, reject or rescind the ratification or the rejection so long as the requisite number of states have not yet ratified the proposed amendment. On the question of whether a State Legislature may rescind its ratification the Supreme Court held in Coleman v. Miller, supra, the answer to be "no". On the basis of congressional rulings in connection with the adoption of the Fourteenth Amendment. However, the Court did hold that a State Legislature, after rejecting a proposed amendment, could reconsider and ratify it. The Court went on to say: "The question of the efficacy of ratification by State Legislatures in the light of previous rejection or attempted withdrawal should be regarded as a political question pertaining to the political departments, with the ultimate authority in the Congress in the exercise of its control over the promulgation of the adoption of the amendment." Article V, speaking solely of ratification contains no provision as to rejection, nor has the Congress enacted a statute relating to rejection. The Kentucky Court in Wise v. Chandler, 108 S.W.2d 1024 (1937), certiorari granted58 S.Ct. 831, certiorari dismissed 59 S.Ct. 992, held that: "A state having acted on a proposed amendment to the federal Constitution, whether by convention or through its Legislature and whether it has ratified or rejected the proposed amendment, has exhausted its power further to consider the question without resubmission by Congress." Unfortunately the Supreme Court did not sit to hear the question as certiorari was dismissed because there was no longer a controversy to be judicially decided which leaves us with the decision in Coleman that a Legislature cannot rescind or at least the proposition that such rescission is a question to be ultimately decided by Congress. Article V of the United States Constitution states in pertinent part: "The Congress whenever two-thirds of both houses shall deem it necessary, shall propose amendments to this Constitution, or, on the application of the Legislatures of two-thirds of the several states, shall call a convention for proposing amendments, which, in either case, shall be valid to all intents and purposes, as part of this Constitution, when ratified by the Legislatures of three-fourths of the states, or by conventions in three-fourths thereof, as the one or the other mode of ratification may be proposed by the Congress; provided that no amendment which may be made prior to the year one thousand eight hundred and eight shall in any manner affect the first and fourth clauses in the ninth section of the first article; and that no state, without its consent, shall be deprived of its equal suffrage in the Senate." The method of ratification is left to the choice of Congress. The methods of ratification call for deliberative assemblages representative of the people which it is assumed will voice the will of the people. "It is not within the power of the courts or legislative bodies to alter the method proposed or to prescribe a different method." Hawke v. Smith, supra; Ex parte Dillon, 262 F. 563, affirmed Dillon v. Gloss, 256 U.S. 368, 41 S.Ct. 510; State of Montana ex rel Hatch v. Murray, 526 P.2d 1369. The pertinent language of 75 O.S. 16.41 [75-16.41] (1974), states when a question "shall the Legislature of this State ratify proposed amendments of the Constitution of the United States" is for legislative decision, said matter shall be introduced by joint resolutions. The apparent intent of the language "when a question . . . is for legislative decision", is that this method of ratification shall only be employed — either when such method is specified by Congress or when Congress fails to specify one or the other method of ratification thereby leaving the states free to select one of the two prescribed methods. The mere fact that a State Legislature passes a law providing guidelines by which proposed United States constitutional amendments will be ratified should the question as to ratification be put before the State Legislature does not preclude the alternative method (convention) of ratification. "That is to say neither method is exclusive of the other". U.S. v. Panos, D.C., Ill., 45 F.2d 888. The method of ratification by conventions in the states rather than by State Legislatures has been employed and will probably be employed in the future. As a consequence, special problems arise concerning the proper procedure for ratification. It is then not inconceivable that such problems concerning proper procedure would also arise as to legislative ratification. Since the calling of a convention to ratify an amendment to the Federal Constitution is a federal function and the authority of the State Legislature to set up the machinery by which a convention may ratify or reject an amendment emanates from the Federal Constitution, when Congress directs action by convention it necessarily implies the authority to provide for the assembly of such convention. By analogy, then, Congress' direction to act by legislative ratification (or the election of Congress not to specify one or the other modes of ratification thereby leaving the states free to select one of the two methods provided in Article V of the United States Constitution), would of necessity imply the authority to provide for proper procedures for legislative ratification. As long as the creation of these procedures (whether by statutory provision or otherwise) do not limit or otherwise alter the constitutionally prescribed methods of ratification, and as long as the State Legislatures are mindful of the fact that "the power in the State Legislature is to ratify proposed federal amendments coming entirely from one source, it cannot be limited as to its exercise by another", Dillon v. Gloss, supra. It is, therefore, the opinion of the Attorney General that your first question be answered in the negative. A state may not subject ratification of a proposed constitutional amendment to popular referendum. It is further the opinion of the Attorney General that as to your second question, a State Legislature may not statutorily or otherwise limit or restrict the method of adoption or ratification of a proposed amendment to the United States Constitution; that the decision as to whether a State Legislature may restrict the longevity of a ratified amendment lies ultimately with the Congress. However, a State Legislature may provide for guidelines and procedures for the convention as well as the legislative mode of ratification of proposed amendment to the United States Constitution. (Marvin C. Emerson)