REQUESTED BY: Dear Senator Chambers:
You have requested the opinion of this office concerning LR 30 which rejects the proposed amendment to the United States Constitution granting certain representation to the District of Columbia. Specifically you have inquired: `. . . should LR 30 receive enough affirmative votes to be `passed' by the Legislature, will it have any legal effect in terms of foreclosing future consideration of ratification by the Nebraska Legislature?'
The question you pose has been considered by several courts in the context of the `Child Labor Amendment' proposed by Congress in 1924. In 1925, the Legislature of Kentucky adopted a resolution rejecting this proposed amendment. In 1937, the Kentucky Legislature adopted a resolution ratifying the amendment. In Chandler v. Wise,270 Ky. 1, 108 S.W.2d 1024 (1937), the Kentucky Supreme Court determined that the first action taken by the legislature of a state is conclusive and exhausts the power of future legislatures to act upon that amendment.
However, in Coleman v. Miller, 146 Kan. 390, 71 P.2d 518
(1937), the Kansas Supreme Court reached the opposite conclusion. In 1925 the Legislature of Kansas adopted a resolution rejecting the proposed amendment. Then in 1937 a resolution ratifying the amendment was adopted by the Kansas Legislature. The Kansas Supreme Court reasoned that Article V of the Constitution of the United States gives the legislature only the power to ratify a proposed amendment. Since a rejection has no constitutional effect, the Kansas Supreme Court concluded that a legislature may ratify a proposed amendment regardless of prior acts of rejection. This rationale appears to be supported by most commentators.
The United States Supreme Court granted certiorari in both of the above cases.
The case of Chandler v. Wise, 307 U.S. 474 (1938), was dismissed as moot, for the reason that the Governor of Kentucky had already forwarded a certification of ratification to the Secretary of State of the United States.
In Coleman v. Miller, 307 U.S. 435 (1938), the opinion of the Court affirmed the result of the decision by the Kansas Supreme Court, but it employed a different rationale. The opinion of the Court discusses historical instances in which Congress adopted resolutions to the effect that certain amendments had been duly ratified and included in the list of ratifying states those which had rejected the amendment prior to ratification. The Court concluded:
 "We think that in accordance with this historic precedent the question of the efficacy of ratifications by state legislatures, in the light of previous rejection or attempted withdrawal, should be regarded as a political question pertaining to the political departments, with the ultimate authority in the Congress in the exercise of its control over the promulgation of the adoption of the amendment." Id. at 450.
Although some commentators question the continued validity of the Court's holding in Coleman, the Supreme Court has not yet confronted the issue again. Thus the resolution of your inquiry still appears to lie with Congress. In the past Congress has apparently concluded that the adoption by a state legislature of a resolution rejecting a proposed amendment does not affect the legislature's power to subsequently ratify a proposed amendment. While in our opinion this result rests on sound constitutional interpretation, assuming Coleman, supra, remains valid law, there can be no guarantee that Congress would resolve the question in the same manner in the future.