## BINNEY & SMITH CO. v. UNITED CARBON CO. et al.

District Court, S. D. West Virginia, at Charleston.

Feb. 17, 1941.

Howard R. Klostermeyer, of Charleston, W. Va., and Pennie, Davis, Marvin & Edmonds, of New York City, for plaintiff.

Osman E. Swartz, of Charleston, W. Va., and Dike, Calver & Gray, of Detroit, Mich., for defendants.

BARKSDALE, District Judge.

This action having been tried upon the facts by the Court without a jury, the Court doth hereby find the facts specially and state separately its conclusions of law thereon, and directs the entry of the appropriate judgment, as follows, in conformity with Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c:

#### Findings of Fact.

(1) Plaintiff is the lawful owner of the patent in suit, to-wit, Wiegand and Venuto, No. 1,889,429, filed December 2, 1927, and patented November 29, 1932. This patent will hereinafter be referred to as "plaintiff's patent".

(2) In this suit, only claims (1) and (2) of plaintiff's patent are alleged to have been infringed, and these claims are as follows:

"1. Substantially pure carbon black in the form of commercially uniform, comparatively small, rounded, smooth aggregates having a spongy or porous interior.

"2. As an article of manufacture, a pellet of approximately one-sixteenth of an inch in diameter and formed of a porous mass of substantially pure carbon black."

(3) The agglomeration of dry powders to eliminate dustiness and facilitate commercial handling was well known to the prior art when the application for plaintiff's patent was filed.

(4) Claims (1) and (2) are broad article or product claims, not in any way restricted to the method taught by patentees, or even necessarily restricted to the particular product produced by their process. A product as described by these claims may result from methods quite different from that disclosed by patentees and not in any way suggested by them. In order to describe its product, plaintiff was obliged to describe it, in testimony, in functional terms. The description of plaintiff's product in claims (1) and (2) is not sufficiently definite to distinguish plaintiff's product from the product of prior art processes or from a product taught by the prior art and improved by the mechanical skill of those skilled in the art.

(5) If claims (1) and (2) were valid, and are construed broadly, there would be infringement, as plaintiff's product and defendants' product are generally similar.

(6). If claims (1) and (2) were valid, and are construed strictly, there would be no infringement, as there are recognizable differences between the product described by the claims of plaintiff's patent and defendants' product, such as degree of porosity, degree of purity, and degree of uniformity in size.

(7) Plaintiff has not established that it achieved commercial success with its product described in claims (1) and (2) and manufactured by the process of plaintiff's patent. Plaintiff does not now use, and has not used since 1932, the process of the patent in suit. Plaintiff now uses, and has since 1932 used, the single liquid process described in the Glaxner Patent, No. 2,065,371 (reissue No. 21,379), for the manufacture of the pellets or beads which it manufactures and sells under the number of the patent in suit.

(8) The product described in claims (1) and (2) of the patent in suit did not require the exercise of the inventive faculty, and was lacking in novelty, in view of the prior art, and particularly in view of the following patents: Lewis—1,263,082, February 7, 1922; Randall—1,405,439, April 16, 1918; Acheson—1,431,079, October 3, 1922; Knowlton and Hoffman—1,286,024, November 26, 1918; Coffin and Keen,—1,561,971, November 17, 1925; Geer—1,245,700, November 6, 1917; and Trent (British)—183,430, March 22, 1923.

#### Conclusions of Law.

(1) The patentees of the patent in suit, having originally sought broader claims than claims (1) and (2) of the patents, which broader claims were rejected, and patentees having acquiesced in such rejection, and having cancelled such claims and allowed their patent to issue with nar-

rower claims, as disclosed by the file wrapper and contents, plaintiff is not now entitled to such a broad construction of claims (1) and (2) of its patent as to embrace the same, or substantially the same, subject matter as was contained in the rejected and cancelled claims.

(2) Claims (1) and (2) of the patent in suit must be strictly construed.

(3) Applying a strict construction to the language of claims (1) and (2) of the patent in suit, plaintiff has not borne its burden of proving infringement, and no infringement on the part of defendants is found.

(4) Claims (1) and (2) of the patent in suit are invalid as lacking novelty and invention.

(5) Claims (1) and (2) of the patent in suit are invalid because they fail to define the product claimed to have been invented in such clear, definite and exact terms as required by patent law.

An order will therefore be entered, dismissing plaintiff's action, at its costs.