**NEUSTEIN v. MITCHELL et al., Civil Service Commissioners.**

**No. 300.**

Circuit Court of Appeals, Second Circuit.

July 6, 1942.

Harold L. Herzstein, of New York City, for appellant.

Sidney J. Kaplan, Sp. Asst. to Atty. Gen., of Washington, D. C., Francis M. Shea, Asst. Atty. Gen., and Lawrence V. Meloy, Atty., Civil Service Commission, of Wash-

198

ington, D. C. (Martin Norr, of Washington, D. C., and Jerome C. Strumpf, of New York City, Attys., Department of Justice, of counsel), for appellees.

Before L. HAND, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment dismissing upon the merits a complaint under § 400 of Title 28 U.S.C.A., seeking a declaration that the defendants, who are members of the United States Civil Service Commission, had no jurisdiction to file or pass upon charges made by them against the plaintiff under the "Hatch Act," § 61*l* (a) of Title 18 U.S.C.A. The plaintiff was a member of the Unemployment Insurance Appeal Board of the State of New York (§ 518, subdivision 6, of the Labor Law, Consol.Laws, c. 31). On September 15, 1941, the United States Civil Service Commission began a proceeding against him, charging him with "sponsoring, aiding and abetting the election of party committeemen" in the County of New York and with taking "an active part in political campaigns." If the Commission convicts the accused of such activity and advises the state agency of the conviction; and if the agency does not remove the culprit, the Commission must certify "to the appropriate Federal agency an order requiring it to withhold from its loans or grants to the State or local agency * * * an amount equal to two years' compensation" of the plaintiff. § 61*l* (b), Title 18 U.S.C.A. While this charge was pending the plaintiff resigned his position as member of the Appeal Board, and thereafter he began this action. He has not alleged that the "matter in controversy exceeds * * * $3,-000" and he obviously could not do so; for at most it could be nothing but the value of his opportunity at some later time to be again appointed to his former position. Even though we assume that the salary was more than $3,000, nobody can possibly appraise the present value of that opportunity, and indeed it can hardly have any value whatever.

The District Court could have jurisdiction of the action only under § 41(1) (First) (a), or § 41(1) (First) (b) of Title 28 U.S.C.A.; because it "arises under the Constitution or laws of the United States," or because it "is between citizens of different States, or citizens of the District of Columbia." In either case the "amount in controversy" must "exceed" $3,000; and the court had no jurisdiction. The judge should have dismissed the action on that ground and not upon the merits.

Judgment modified so as to dismiss the complaint for lack of jurisdiction and not on the merits; and, as modified, affirmed.