## K. KAUFMANN & CO., Inc., v. LEITMAN.
### No. 28.

Circuit Court of Appeals, Second Circuit.

Nov. 5, 1942.

John P. Chandler, of New York City, for appellant.

Harry Cohen, of New York City, for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

PER CURIAM.

If the claims in suit were valid at all, we might find some difficulty in constricting them as narrowly as the judge did and as is necessary for the defendant to escape infringement. We need not decide that question, however, because it seems to us that in no view can they be thought valid. There had been a spate of devices similar to that disclosed, beginning about 1928 and continuing until after Lee and Kaufmann contrived their particular variant, which they say was in the summer of 1933 although they did not actually file until almost a year later. Their inventive idea was to pinch or squeeze the folded garments at the fold between the under side of the flat stiff top of the bag and an adjustable rod over which they hung. The bag was carried by handles on the outside of the stiff top, and the pinch or squeeze kept them from shifting from side to side. Although this had not been completely anticipated, such near approaches had been made to it that there was no room for invention.

Butterick, No. 1,730,058, which appeared in 1929, disclosed the same arrangement except that the handles were at the other end of the bag, i.e. where the free ends of the side pieces came together. The result was that the clothes hung with the fold down, but it is plain that the rod, 7, was intended to be adjustable so that it could always be made to press the clothes against the stiff bottom piece, 2, which would keep them from slipping sidewise. Feldman, British patent (1930) No. 327,957, was the same except that a strap was used instead of a rod, certainly not a patentable variation. Moreover, in Krueger, No. 1,823,403, the handle was put on the outside of the flat stiff central member so that the clothes fell over the equivalent of a rod, just as they did in the patent-in-suit. It is true, however, there was no rod but a solid blocklike member fitted inside the case which would hold the clothes from slipping only when there were enough to make a snug fit. This bag was therefore, though not adjustable, otherwise an anticipation. The rod was also at the top of the bag in Sand, No. 1,975,294, and in Wheary, No. 1,988,530. Thus it is apparent that all the elements were close at hand to make the patented combination.

It is always possible in such a situation to argue that the very number of the earlier efforts (none of which appear in this case to have had much success) when followed by a very considerable success, is evidence enough of invention. Why, if it was obvious to turn Butterick or Feldman upside down like Krueger, did no one ever think of doing so? Why did it not require ingenuity out of the common to make just that combination which so many efforts had failed to hit upon? Courts have in the past very often so reasoned, and they may come to do so again; but it is too plain for question that the Supreme Court

now demands a more important contribution to the art than such slight changes. It is idle to invoke the earlier decisions; we should have to be blind to the most obvious truth not to accept the changed outlook. Perhaps indeed it is best never to try to define what one means by invention; perhaps it is best to leave it as a sort of intuitive apperception to be applied in each case. Be that as it may, we have no doubt that the slight modification which was alone necessary here will not support a patent at the present time.

Judgment affirmed for invalidity.