**COVER v. SCHWARTZ.**

**Nos. 74, 75.**

Circuit Court of Appeals, Second Circuit.

Dec. 17, 1942.

Rehearing Denied Jan. 8, 1943.

542

Joshua R. H. Potts, Eugene Vincent Clarke, and Basil H. Brune, all of Chicago, Ill., and John M. Cole, of New York City, for appellant.

Nathan Schwartz, pro se, for appellee.

Before L. HAND, CLARK, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

All three patents are concerned with a respiratory mask for miners, the purpose of which is to protect the wearer against dust and poisonous gases.

1. Patent No. 2,065,304. The lower court held this patent invalid for lack of invention, finding as a fact that a prior patent, No. 2,019,918, issued on November 5, 1935 to Punton, showed "substantially the same arrangement, and what differences there are, are merely the result of mechanical skill." We agree.

The constituent elements of the Punton mask were a face-piece, covering the nose and mouth, an exhaust valve, and two filter units, attached to the face-piece. The filter units were a pair of cylindrical casings, each consisting of a base and side wall, a metal cover, and a circular paper filter supported around its edge ·between the cover and the wall of the casing. The cover, which screwed on to the side wall, was perforated to permit the ingress of unfiltered air to the filter. This was the state of the prior art when, on January 9, 1936, appellant filed an application for the patent in issue, No. 2,065,304.

Essentially, all that appellant has done is to remove the necessity for a perforated cover.[1] When on oral argument, appellant's counsel was asked whether appellant had done any more, he could not deny that appellant had not. Cover's removal of the cover was no more than an act of mechanical skill. The man who first found out that it is unnecessary to burn down a house to roast a pig was perhaps a genius. But the discovery that certain parts of a process or device are useless is not necessarily evidence of invention. The discovery may involve no more than the ordinary skill of the art and that we think to

be the case here. Cf. Cuno Corp. v. Automatic Service Corp., 314 U.S. 84, 91, 62 S.Ct. 37, 86 L.Ed. 58. Someone has to be the first to hit upon an idea, even if it involves no more than such skill. In Buchanan v. Wyeth H. & M. Co., 8 Cir., 47 F. 2d 704, 712, the court said: "It seems that no one did discover this exact use for the locknut in combination with other elements up to Buchanan's time, but some one had to think of it first, even if it constituted merely mechanical skill. The fact that Buchanan was the first so to think bears on the question of invention, but is not at all decisive."

Appellant advances the "long-felt want" argument. But it has often been held that commercial success is a relatively poor test of invention and that it is only when invention is in considerable doubt, as it is not here, that that factor has any significance. See, e.g., Paramount Publix Corp. v. American Tri-Ergon Corp., 294 U.S. 464, 474, 55 S.Ct. 449, 79 L.Ed. 997; DeForest Radio Co. v. General Electric Co., 283 U.S. 664, 685, 51 S.Ct. 563, 75 L. Ed. 1339; Textile Machine Works v. Louis Hirsch Textile Machines, 302 U.S. 490, 58 S.Ct. 291, 82 L.Ed. 382.

2. Patent No. 2,120,230. This is a patent for a twin-filter respirator in the form of a transverse wedge, with a foldable rubber body. The prior art discloses that a British patent on a twin-filter device had been previously issued. See Goeke's British Patent No. 323,164. Appellant simply added the characteristic of foldability to Goeke's patent. But a foldable respiratory mask was already part of the prior art, for appellee had previously obtained such a patent on January 21, 1919. Certainly, thus to combine two ideas, both part of the prior art, was not invention. Cuno Corp. v. Automatic Service Corp., supra; Cf. Toledo Pressed Steel Co. v. Standard Parts, Inc., 307 U.S. 350, 355, 356, 59 S.Ct. 897, 83 L.Ed. 1334; Powers-Kennedy Contracting Corp. et al. v. Concrete Mixing & Conveying Co., 282 U.S. 175, 51 S.Ct. 95, 75 L.Ed. 278.

3. Patent No. 2,000,064. The appeal as to this patent must be dismissed for the fol-

---

[1] Appellant also claimed as invention, in this patent, a removable filter pad held in place by flanges, and the corrugation of the metal base plate of the filter to hold off the filter so as to allow a more rapid passage of air. But the idea of a removable filter pad held in place by flanges had already been disclosed in an advertisement of appellee in October, 1935. And appellee had already suggested the corrugation of the base plate. (Patent No. 2,035,097, issued March 24, 1936.) True, the base plate there was of corrugated rubber, rather than of metal, as here, but this distinction is of no significance.

lowing reasons: In his pleadings in the trial court, appellant alleged that appellee had infringed and still is infringing the patent and "will continue to do so unless enjoined by this court." He made no alternative allegation to the effect that, while appellee had not yet infringed, he was threatening to do so in the future. He alleged a past and continuing infringement.

The trial court denied appellant relief as to this patent on the ground that it was invalid; the findings and judgment of the trial court are based solely on that ground. The trial court, however, in its memorandum opinion, did indicate that the patent was not infringed.

Appellee filed a counterclaim setting up certain of his own patents which, he alleged, appellant was infringing. The trial court dismissed this counterclaim on the specific ground that appellee's patents were invalid. From this judgment appellee did not appeal. Accordingly, this court, by order, directed that the counterclaim be excluded from the printed record on appeal.

In appellant's statement of points relied upon in this appeal, he stated that the trial court erred in finding and adjudging that the patent was invalid and in failing to find and adjudge that the patent was valid and infringed. However, in his brief filed in this court on this appeal, he stated that "appellant does not challenge that part of the judgment which holds the claims not infringed. Appellant challenges only the holding of invalidity of the claims involved." This language can mean only that appellant has abandoned any contention that appellee has infringed or is infringing his patent. His position now is that, although there is an absence of any past, present or threatened future infringement, he is entitled to have this court determine that the judgment of the trial court as to invalidity was in error.

■ In other words, appellant is stating that he is asking no relief against any-

body before the court (or so far as we know against anyone else), that there is no real dispute, no case or controversy, but that he wants an advisory opinion that his patent is valid. Of course, no federal court can constitutionally give an advisory opinion, since the Constitution confers jurisdiction on federal courts only where there exists a case or controversy. It is suggested that the words "cases" and "controversies," contained in Article III, § 2 of the Constitution involve merely a "procedural technicality." We cannot accept that suggestion. The Supreme Court has always given great weight to those words and has regarded them as imposing anything but a mere "procedural technicality." It has rejected jurisdiction whenever there was no definite and concrete "controversy," i.e., one "touching the legal relations of parties having adverse legal interests"; there must be "a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts."[2] The Declaratory Judgment Act, 28 U.S.C.A. § 400, affords a new remedy of inestimable value. But that remedy must stay within the constitutional bounds of jurisdiction contained in Article III, § 2. In construing that Act, the Supreme Court noted that it was restricted by Congress to "cases of actual controversy" and that, in thus restricting it, Congress had had in mind the constitutional provision, so that the Act "is operative only in respect to controversies which are such in the constitutional sense."[3] In the case at bar, the elements necessary to give rise to an actual controversy, under the Declaratory Judgment Act and the constitutional provision, are non-existent.

■ The situation is not like that which often confronts us where infringement and invalidity are both in issue before us. A patentee-plaintiff must, of course, lose unless he proves (a) that his patent is valid

[2] See Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240, 241, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000; Muskrat v. United States, 219 U.S. 346, 31 S.Ct. 250, 55 L.Ed. 246; Federal Radio Comm. v. General Electric Co., 281 U.S. 464, 469, 50 S.Ct. 389, 74 L.Ed. 969; Federal Radio Comm. v. Nelson Bros., 289 U.S. 266, 53 S.Ct. 627, 77 L.Ed. 1166, 89 A.L.R. 406; Coleman v. Miller, 307 U.S. 433, 460–464, 59 S.Ct. 972, 83 L.Ed. 1385, 122 A.L.R. 695; cf.

United States v. Appalachian Power Co., 311 U.S. 377, 423, 61 S.Ct. 291, 85 L. Ed. 243; 1 Encyc.Soc.Sc. 475; cf. Hayburn's case, 2 Dall. 409, 1 L.Ed. 436.

[3] Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 238–241, 57 S.Ct. 461, 463, 81 L.Ed. 617, 108 A.L.R. 1000; Maryland Casualty Co. v. Pacific Co., 312 U.S. 270, 271, 272, 273, 61 S.Ct. 510, 85 L.Ed. 826; Commonwealth of Massachusetts v. State of Missouri, 308 U.S. 1, 17, 60 S.Ct. 39, 84 L.Ed. 3.

and (b) that the defendant has committed acts of infringement. In this respect, he is like a plaintiff in a suit for trespass to land who must prove (a) that he has a right to possession of the land and (b) that the defendant has committed acts of trespass; if he fails to prove either, he must lose. If the court decides against the plaintiff, there is no impropriety in resting the decision on either ground or on both grounds. If, however, a court (a trial court or an appellate court) holds against the plaintiff on either issue, it may not go on to decide the other issue in his favor, since the adverse decision on one of those issues means that there is no case or controversy which justifies a decision in the plaintiff's favor on the other issue. And so in a patent suit: The court, in deciding against a patentee-plaintiff, may, with propriety, hold (1) that his patent is invalid, or (2) that the defendant has not committed acts of infringement, or (3) that not only is the patent invalid but also that the defendant has not infringed; there is no requirement that the court must first pass on the issue of infringement and, if it decides that there is no infringement, must refuse to decide that the patent is invalid. Indeed, since the public is affected, there is much to be said for a decision in such a case as to the invalidity of the alleged patent monopoly (either alone or in conjunction with a decision of non-infringement) whenever the issue of invalidity is before the court and the evidence warrants such a decision.[4] For a decision as to invalidity will tend to discourage suits against others based on that patent, and mere threats of patent suits, due to the expense of defending such litigation, may often prevent lawful competition which will be in the public interest; the desirability of a decision as to invalidity is especially important because it is the general rule that the government cannot bring suit to have a patent declared invalid, except for fraud inducing its issuance[5] (and perhaps in other unusual circumstances which need no discussion here).

Where, however, the court finds against the plaintiff as to infringement, it cannot go on to hold in his favor as to validity.[6] For, once the issue of infringement is decided against the patentee, there exists no case or controversy justifying a decision in his favor that the patent is valid.

We cannot agree with the suggestion that, in a suit for infringement of a patent, the element of a past or threatened infringement (i.e., past or threatened invasion of the patentee's rights) affects merely the question of damages. On the contrary, it is indispensable to the very existence of a case or controversy. The holder of a patent has no dispute with a person who is not infringing or threatening to infringe. A patentee, desirous of having a judicial opinion to the effect that his patent is valid, but aware that federal courts do not give advisory opinions, cannot obtain such an opinion by naming a non-infringer as defendant in order to create the appearance of a controversy where none exists. He might as well name a purely fictitious John Doe as defendant.

▌ We are, then, without discretion to hear the appeal as to Patent No. 2,000,064, and the appeal must be dismissed. This is not a case where, a case or controversy existing, an appellant merely concedes that his grounds of error were not well taken; in such a case, of course, we would not dismiss for lack of jurisdiction but on the merits.

United Carbon v. Binney & Smith Co., December 7, 1942, 63 S.Ct. 165, 87 L.Ed. —, is not in point. There the district court, in its findings, stated that, if the claims of the patentee were valid but strictly construed, there would be no infringement; it then went on to hold that those claims must be narrowly construed and dismissed the suit. 37 F.Supp. 779. The Court of Appeals reversed, holding that the claims must be broadly construed and that, thus construed, there was infringement. 4 Cir., 125 F.2d 255. The Supreme Court, in reversing the Court of Appeals, held that the claims were invalid for indefiniteness, and went on to say that there was no necessity for it to

---

[4] In Exhibit Supply Co. v. Ace Patents Corp., 315 U.S. 126, 62 S.Ct. 513, 86 L. Ed. 736, the majority of the court refused to consider whether the patent was invalid and restricted its decision to holding that there was no infringement; but that refusal was explicitly rested on the sole ground that the issue of invalidity had not been raised by petitioner in its petition for certiorari or in its brief filed in the Supreme Court.

[5] Cf. concurring opinion in Aero Spark Plug Co. v. B. G. Corp., 2 Cir., 130 F. 2d 290, 292.

[6] Electrical Fittings Corp. v. Thomas & Betts Co., 307 U.S. 241, 59 S.Ct. 860, 83 L.Ed. 1263; see further discussion of this case infra.

546

consider any other issue, including that of infringement.

Nor is the situation here like that which confronted us in In re Barnett, 2 Cir., 124 F.2d 1005. There, on motion of a trustee in bankruptcy, the trial court made an order adversely affecting the bankrupt and the mother of the bankrupt. The bankrupt appealed, but the mother did not formally join in the appeal, although counsel for the bankrupt, in his brief in this court, stated that he was also appearing for the mother. As far as the bankrupt was concerned, the order of the trial court erred only in a minor respect, whereas, so far as the order affected the mother, there was a more substantial error. On oral argument of the appeal in this court, the trustee agreed to a modification of the order so far as it was erroneous with respect to the bankrupt. We refused to hold that that concession ended the appeal, but went on to consider and reverse the order on the more substantial grounds which affected the mother, stating that, were we to do otherwise, she would probably be without remedy. In those circumstances, we held, in effect, that there was a case or controversy still existing, and, accordingly, we refused to dismiss the appeal. But here, as we have noted, the plaintiff's admission that there is no infringement means that there is no case or controversy before us for consideration.

▮▮▮▮ The parties to a suit cannot, of course, confer jurisdiction upon the court where the proper elements of jurisdiction are absent; and where the court becomes aware that there is no jurisdiction (whether initially or on appeal), it must, even of its own motion, dismiss.[7] This is true where the jurisdictional requirement is entirely statutory. It must be at least equally true where the jurisdictional requirement, as here, is constitutional. And the Supreme Court has often held that a court's awareness of its lack of jurisdiction of a case need not come from the record of the case;[8] so, in the instant case, the disclosure in appellant's brief and oral argument cannot be ignored.

[13] When, during the pendency of an appeal, a case becomes moot, so that there is no longer any case or controversy before this court, there is a loss of jurisdiction;[9] this lack of jurisdiction results from the constitutional limitation contained in Article III, § 2 of the Constitution.[10] If the circumstances which rendered the case moot, after the judgment in the trial court, are due to circumstances over which appellant had no control, then the Supreme Court has, in some circumstances, in order to avoid unfairness, reversed and remanded with directions to the trial court to dismiss the suit instead of dismissing the appeal.[11] But that is not the invariable practice.[12] And we think that it is not the proper course here. This case has not become moot because of intervening circumstances over which appellant had no control. It resembles one where, after an appeal is taken, the defeated plaintiff settles and compromises the action or executes a release of his right to appeal.[13] For appel-

[7] See, e. g., Clark v. Paul Gray, Inc., 306 U.S. 583, 59 S.Ct. 744, 83 L.Ed. 1001; United States v. Corrick, 298 U.S. 435, 56 S.Ct. 829, 80 L.Ed. 1263; Weinstein v. Black Diamond Corp., 2 Cir., 40 F.2d 590; Neustein v. Mitchell, 2 Cir., 130 F.2d 197; Goldstone Co. v. Payne, 2 Cir., 94 F.2d 855; Indianapolis v. Chase Bank, 314 U.S. 63, 62 S.Ct. 15, 86 L. Ed. 48.

[8] See, e. g., Lord v. Veazies, 8 How. 251, 12 L.Ed. 1067; Wood Paper Co. v. Heft, 8 Wall. 333, 336, 19 L.Ed. 379; Dakota County v. Glidden, 113 U.S. 222, 225, 5 S.Ct. 428, 28 L.Ed. 981; Elwell v. Fosdick, 134 U.S. 500, 10 S.Ct. 598, 33 L.Ed. 998.

[9] United States v. Alaska S. S. Co., 253 U.S. 113, 116, 40 S.Ct. 448, 64 L. Ed. 808.

[10] See discussion in Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000, showing that the ruling as to mootness in United States v. Alaska S. S. Co., supra, is to be regarded as based on the constitutional provision.

[11] See Commercial Cable Co. v. Burleson, 250 U.S. 360, 39 S.Ct. 512, 63 L. Ed. 1030; United States v. Anchor Coal Co., 279 U.S. 812, 49 S.Ct. 262, 73 L.Ed. 971; Atherton Mills v. Johnston, 259 U. S. 13, 42 S.Ct. 422, 66 L.Ed. 814.

[12] See Mills v. Green, 159 U.S. 651, 16 S.Ct. 132, 40 L.Ed. 293; Chandler v. Wise, 307 U.S. 474, 477, 478, 59 S.Ct. 992, 83 L.Ed. 1407.

[13] Dakota County v. Glidden, 113 U.S. 222, 5 S.Ct. 428, 28 L.Ed. 981; Lord v. Veazies, 8 How. 251, 254, 12 L.Ed. 1067; Wood Paper Co. v. Heft, 8 Wall. 333, 336, 19 L.Ed. 379; Elwell v. Fosdick, 134 U.S. 500, 10 S.Ct. 598, 33 L.Ed. 998; cf. People of State of California v. San Pablo & Tulane Railroad, 149 U.S. 308, 13 S.Ct. 876, 37 L.Ed. 747; Mills v. Green, supra, 159 U.S. at page 654, 16 S.Ct. 132, 40 L.Ed. 293; Kim-

lant, who asserted and tried to show infringement in the court below, so that there was a controversy before that court, in this court concedes that there is no infringement by defendant, which means that there is now no controversy. Although appellee did not ask for a declaratory judgment on the basis of threatened suits by appellant—so that Lances v. Letz, 2 Cir., 115 F.2d 916, is not in point—nevertheless dismissal of the suit, as distinguished from dismissal of the appeal, might result in unfairness to appellee by subjecting him to other vexatious actions by appellant.

The situation here is not like that in Electrical Fittings Corp. v. Thomas & Betts Co., 307 U.S. 241, 59 S.Ct. 860, 83 L.Ed. 1263. There the trial court held that a patent was valid but not infringed. An appeal by the defendants was dismissed by the Court of Appeals on the ground that the defendants had been awarded all the relief to which they were entitled because the litigation had terminated in their favor. The Supreme Court held that the decree of validity, in the absence of infringement, was improper, and, if not vacated, would stand as an adjudication against the defendants; accordingly, it held that they were entitled to have that portion of the decree eliminated and that, therefore, the Court of Appeals had jurisdiction to entertain the appeal, not at all for purposes of passing on the merits, but solely to direct the district court to reform its decree by striking out the decree of validity, in order to do justice to the defendants. In the instant case, where nothing in the judgment below is adverse to appellee, there is no need, in the interest of justice to the appellee, to require modification of the judgment. No unfairness to appellee will result if that judgment, which is in his favor, stands unaltered; it will be just as if, from that judgment, appellant had never appealed.

We shall, therefore, merely dismiss the appeal, with the consequence that the judgment of invalidity made by the trial court will stand as entered.

Judgment affirmed as to Patents No. 2,-065,304 and No. 2,120,230. Appeal dismissed as to Patent No. 2,000,064.

CLARK, Circuit Judge (dissenting in part).

I can see no reason for the dismissal of the appeal as to Patent No. 2,000,064. True, the matter may not be of vital importance to the parties if, as the opinion indicates and I believe, the judgment below was correct. The parties then have the unsatisfying result that decision upon the issue they have thoroughly briefed and argued, the only issue adjudicated below, has been avoided by the court for a procedural nicety, which, had the plaintiff been gifted with unusual vision, he would have avoided by the change of a word or two in his brief. But the defendant still has the judgment to which I think him entitled, although buttressed only by the vote of one judge, not four. If, however, the judgment was erroneous, then a grievous injustice is being done the plaintiff for this very minor fault —one which I certainly cannot condemn him for overlooking, since even now I am not reconciled to viewing it as a fault.

But for the court the matter is in any event of different stature. By its resort to the hallowed constitutional words "case or controversy," a minority of the entire court is attempting to bind the court in futuro from doing what it thinks just for *either* party, whenever this fault is repeated by *one* party only. Clearly, in the light of the authorities and the federal rules of civil procedure, this is not a decision compelled by something outside the court;[1] it represents a purely human choice, and must go back to some felt demand of policy—though all arguments of policy seem to me to press to the contrary conclusion. I am clear that it is at best an unnecessary result; to copper-rivet it in terms of jurisdiction seems to me an undesirable argumentative technique, as well as peculiarly unfortunate in forcing the court into a juristic straitjacket.

---

ball v. Kimball, 174 U.S. 158, 162, 163, 19 S.Ct. 639, 43 L.Ed. 932.

[1] The only case specifically relied on, Electrical Fittings Corp. v. Thomas & Betts Co., 307 U.S. 241, 59 S.Ct. 860, 83 L.Ed. 1263, is actually authority for *extension*, not *contraction*, of jurisdiction on appeal. That is why the decision below, denying jurisdiction, 2 Cir., 100 F.2d 403, was reversed. And see Borchard, Declaratory Judgments, 2d Ed. 1941, 815. In United Carbon Co. v. Binney & Smith Co., 63 S.Ct. 165, 87 L.Ed. —, the Court held the patent invalid, without passing on infringement (held unproved by the District Court, reversed by the Circuit Court of Appeals).

548

First, I think it desirable to consider the actual situation before the court a little more closely. Had the case been exactly as stated in the opinion, I should still think that the matter was in all respects properly before our court for such disposition as we saw fit, and that dismissal, if we chose that course, would be only an exercise of discretion. Cf. Federal Land Bank of Springfield v. Hansen, 2 Cir., 113 F.2d 82, 84, 85. For the federal rules intentionally did away with the mummery of assignments of error, Committee's Note to Rule 73(b); Hearings before House Committee on the Judiciary on Rules of Civil Procedure, 75th Cong., 3d Sess., March 4, 1938, Serial 17, pp. 128, 129, and the notice of appeal here brought the decree in question before us.[2] Then, under In re Barnett, 2 Cir., 124 F.2d 1005, one of the parties could not take it away from us; that there it was the intentional attempt of the appellee, while here it is the inadvertence of the appellant, is, if anything, a stronger reason for the application here of the principle and the analogy there resorted to of the dismissal rule in the district courts. Federal Rules of Civil Procedure, rule 41, 28 U.S.C.A. following section 723c. It surely is anomalous to bring back the outlawed assignments of error as a part of appellant's brief or appellant's oral argument.

But the case is somewhat different from that stated in the opinion. Here plaintiff brought his action in usual form (Federal Form 16) asking for an injunction, an accounting for profits and damages, and costs. Defendant by precise and detailed allegations in his answer attacked both the validity of the patent and the claim of infringement. Both these issues were spiritedly contested at the trial; in fact, plaintiff introduced at least three devices, conceded to be made and sold by defendant, for the sole purpose of showing infringement under this patent. (The unreality of the result herein is accentuated by the narrowness of the distinction between lack of novelty of an idea broadly stated in the patent claims and the usual alternative of non-infringement of a patent rigidly limited in scope to save its validity; in practical effect these are but different legal conclusions, or explanations of a result, deduced from the same basic facts. See Hazeltine Corp. v. Emerson Television-Radio, Inc., 2 Cir., 129 F.2d 580, 582.) The court, however, found only invalidity.[3] It would seem rather natural for the plaintiff to concentrate his appeal on that issue; demonstration of error there was basic to his case and, if achieved, would require a reversal and remand, since the finding attacked was the foundation of the judgment.

I find no concession which goes at all beyond these natural circumstances of the case, or is anything more than an attempt, which we really ought to praise, to limit the appeal to the essential matter. As appellant puts it, he "is not appealing from that part of the judgment which [as he erroneously assumes] holds the claims not infringed." Under the circumstances, including defendant's admitted devices introduced in evidence below and his continued all-out attack, even to this court, on plaintiff's claims on all grounds, including infringement, of course plaintiff could appeal on all grounds by just saying so, as the opinion concedes he did originally. It seems to me, therefore, rather a distortion of the plain facts before us to hold plaintiff tied to the concession, that is, that legal theory, which we now attribute to his counsel, that defendant does not even threaten future infringement. And we say that when actually the parties are fighting tooth and nail over what in final analysis and however described are competing devices!

Next, even if plaintiff could and did concede away his appeal as to infringement—propositions, as we have seen, most doubtful—and if, therefore, he was seeking only a declaration of validity as to his patent, I cannot see why jurisdiction to make or to review a declaration was lacking. His prayers for relief below, of course, do not bind him after issue joined; he should be

[2] This was made the clearer, as the opinion concedes, by plaintiff's "Statement of Points"—though, of course, these are only for the purpose of informing defendant how he should have the record made up. Federal Rules of Civil Procedure, rule 75(a).

[3] Four times: expressly in its memorandum of decision, its conclusions of law, the judgment, and, inferentially, in its finding of facts. Any intimation of a finding of infringement is, indeed, faint; it seems confined to the careless use of the word "also" before the finding of invalidity stated in the memorandum of decision. But the context, as well as the other uses made of "also," shows that the judge was in each case merely holding another of the several patents before him "invalid for lack of invention," not finding non-infringement.

granted any relief to which the facts show he is entitled. Federal Rules of Civil Procedure, rule 54(c). The suggestion that he must show infringement, i.e., breach of duty, before he can get such declaratory relief is opposed to the major purpose of the remedy to enable a party to know his rights before he seeks consequential relief. The Supreme Court has now thoroughly repudiated the idea that this worth-while form of action does not present a case or controversy. Nashville, Chattanooga & St. Louis R. v. Wallace, 288 U.S. 249, 53 S.Ct. 345, 77 L.Ed. 730, 87 A.L.R. 1191; Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 57 S. Ct. 461, 81 L.Ed. 617. And on this particular issue Professor Borchard's arguments and authorities that validity of an instrument may be tested without proof of its breach appear unanswerable. Borchard, Declaratory Judgments, 2d Ed.1941, 505 (contracts), 563 (deeds, etc.), 591 (mortgages), 606 (leases), 638 (insurance policies), 802, 808 (patents). Of course it is true, though not very relevant, that a plaintiff cannot get a declaration against a purely fictitious John Doe or a defendant who is a mere uninterested bystander. For that certainly is far from the present case, where the defendant is making the strongest possible adverse claim against the plaintiff—that plaintiff's patent is wholly void—in the most definite way possible, namely, a spirited and successful assertion of that fact in court. To say that when, in such case, plaintiff attempts to get a binding declaration *against defendant* of the invalidity of defendant's claim there is no "controversy" before the court, but only a request for an "advisory opinion," is to wrest these terms from their natural meaning, quite contrary to the whole trend of modern decisions.

But, after all, if I am correct that the proper judgment here is affirmance, it is the defendant who may be most harmed and whose interests must be carefully considered. And that brings us to the final anomaly which has been developed in this case, namely, that while we are ousted of any jurisdiction in the matter by the plaintiff's unnecessary concession, yet we still have discretion to preserve enough of the judgment to afford some protection to defendant. If we have that much discretion, why have we not enough to go on to do a complete job, as defendant asks? What he wants, and all he wants, is decision on the merits; indeed, he will probably be as surprised as anyone else at the result reached. But the cold logic, upon which the opinion purports to go, would nevertheless require dismissal of the entire action as moot. This, I take it, the opinion in substance admits, as its citations indicate.[4]

Now, of course, dismissal of the action would be such a trap for the defendant— and so fine an opportunity generally for a defeated plaintiff to get away from the burden of an adverse judgment—that such a result is really unthinkable. Defendant clearly could himself have sought a declaratory judgment initially, Borchard, Declaratory Judgments, 2d Ed.1941, 804, 808; 45 Yale L.J. 160; Lances v. Letz, 2 Cir., 115 F. 2d 916; and the trend of the authorities now is that he could counterclaim for that remedy in this action, at least until and unless it appeared that decision of the plaintiff's claim would afford him quite complete relief. See Leach v. Ross Heater & Manufacturing Co., 2 Cir., 104 F.2d 88; Dominion Electrical Mfg. Co. v. Edwin L. Wiegand Co., 6 Cir., 126 F.2d 172; O'Leary v. Liggett Drug Co., D.C.S.D.Ohio, 1 F. R.D. 272; Benz v. J. Laskin & Sons Corp., D.C.E.D.Wis., 43 F.Supp. 799, 801, citing cases; Borchard, Declaratory Judgments, 2d Ed.1941, 814; 2 Federal Rules Service 646; 3 Federal Rules Service 687. Here defendant actually filed a counterclaim upon some patents of his own and prayed not only for relief upon them, but also for "such other and further relief" as would seem to the Court just and proper, as well as for dismissal of the complaint with costs.[5] But his answer, with its several paragraphs of allegations of invalidity of the plaintiff's patent, surely raised the issue and, under Rule 41(a) (2), should prevent a dismissal which would leave his defense unadjudicated. What more could he have

---

[4] And hence we at least—and perhaps also the district court—lose jurisdiction by pressing counsel at the argument of the appeal to the point of admitting the weakness of his position. Judges should take note of the possible danger to their functioning involved in questioning counsel.

[5] At an early stage of this appeal we granted plaintiff's motion to exclude the counterclaim from the printed record on appeal, over the strenuous objection of the defendant that it was a part of his defense. Had we foreseen this present development, we would hardly have made this attempt to save printing expense for the parties.

done? Had he attempted to appeal from the favorable judgment, we would certainly have given him short shrift, indeed. But how could he have foreseen this result even enough to think of making such an attempt? The defendant, who presented his own appeal, is a layman; even a "Philadelphia lawyer" could not be held to that degree of foresight. And we can see how real is his danger when we note how narrowly the opinion averts dismissal of the entire action—because, notwithstanding our lack of jurisdiction, the result would be *unfair* to *one* of the parties. The hurdles necessary to this result suggest that perhaps the fallacy is in the first step, and that, after all, as the federal rules so clearly intend, the simple process of appeal of Rule 75(a) does operate to carry the case before the reviewing court for its, and not the parties', disposal.

Hence there seem to me several approaches—all leading legally and logically to the same end, which is the one clearly required by any concept of a judicial obligation to hear and determine causes. And I am unable to isolate any reason to the contrary. The opinion does not suggest any, further than the barren resort to the constitutional phrase, pressed beyond the precedents. True, there have been suggestions (cf. dissent in In re Barnett, supra) of the desirability of confining our decisions to disputes actually before the court; and as a general proposition, I, of course, thoroughly agree. But a particular case cannot be decided on abstract propositions; we must meet particular issues with such common sense, as well as legal learning, as we can summon to the task.[6] I venture to believe, however, that there is another general principle which should also guide our steps, namely, that the pain of decision should not be avoided by reliance on some procedural technicality. That—as any law school case book on procedure[7] demonstrates—has caused so much trouble, not merely to litigants, but—since the other is not enough to persuade us—to courts themselves in their later decisions, that the necessity of procedural reform is everywhere recognized. An inadvertently volunteered dictum is soon forgotten; a procedural restriction, frozen in by resort to the Constitution, cannot be.

### On Petition for Rehearing.

FRANK, Circuit Judge.

Appellant has filed a petition for rehearing which raises no new questions and which we therefore deny.

However, if there was ever any doubt about it, that petition makes his position, as to Patent No. 2,000,064, indubitably clear. For, referring to the statement which we previously quoted from his original brief ["Appellant does not challenge that part of the judgment which holds the claims not infringed"], he now states that "perhaps it would have been more accurate," if he had said that "appellant waives the question of infringement" or "concedes there is no infringement." He adds that it was his purpose "to waive the question of infringement," and on this appeal merely to assert error as to the judgment of invalidity, because his attorneys, "in view of what occurred at the trial, came to the deliberate conclusion that that patent was not infringed." There can, then, be no question that not by inadvertence but deliberately, with commendable candor and no effort to evade, appellant takes this position: Although in the trial court he had thought that he had a controversy with appellee, whom he then regarded as an infringer, he concedes that there is no longer any such controversy because the trial in the court below convinced him that appellee has neither infringed nor threatened to do so, with the consequence that appellee is now an utter stranger to him litigiously; nevertheless, although there is no real controversy before this court, and he is now seeking no relief of any kind against appellee or anyone else, he asks this court to hold that his patent is valid. It would be difficult to imagine a clearer instance of a request for a purely advisory opinion. Such an opinion the Supreme Court, with unswerving consistency, has held no federal "constitutional" court—because of Ar-

---

[6] It should be noted that the result here, being based on jurisdictional and constitutional grounds, is much more serious than that criticized in the concurring opinion in Aero Spark Plug Co. v. B. G. Corp., 2 Cir., 130 F.2d 290, for there the court chose merely to place its decision of affirmance on one only of the two grounds available to it. See 11 Geo. Wash. L. Rev. 121.

[7] Collecting "horrible examples * * * of waste motion in the legal process." Brandis, 11 Fordham L.Rev. 122, reviewing Clark's Cases on Pleading and Procedure, 2d Ed. 1940.

ticle III, Section 2—has the constitutional power to give. In such a suit we cannot pass on the "merits" for, where there is no "justiciable" dispute, there are no "merits." There is merely an unreal entity resembling that disembodied smile which Lewis Carroll immortalized.[1] Many Supreme Court decisions teach us that appellate jurisdiction, when no justiciable dispute exists on appeal, cannot be rested upon the recollection that such a dispute previously existed when the case was in the trial court.[2] There is nothing "technical" —unless all decisions in conformity with constitutional restraints on the powers of the federal judiciary are "technical"—in our conclusion that we must dismiss this appeal for want of jurisdiction, and thereby leave standing the judgment in favor of appellee who had been engaged in what was a real controversy in the court which entered that judgment.

Such an appeal is, of course, entirely different from one in which a real controversy still exists when the case comes before us. For then (as we said in detail in our original opinion) we may affirm a judgment adverse to a patentee either by holding (a) that the patent is invalid, or (b) that there is no past or threatened infringement, or (c) that the patent is invalid and also that there is no infringement. The affirmance of a judgment against a patentee, or the reversal of a judgment in favor of a patentee, may properly be based upon a conclusion as to either one or both of the two major elements—validity and infringement—involved in a patent suit; although, as we have said, it may often be desirable to rest a decision adverse to a patentee on invalidity, when the evidence so warrants, a court is not obliged to do so. The exercise of such a "discretion" as to the grounds of decision in patent suits— when a real controversy is before the court —gives rise to no novelties or complexities in procedure; similar discretion in the choice of the bases of decisions is exercised by all courts every day in other types of litigation.

CLARK, Circuit Judge (concurring):

I concur in the order amending the opinion. Certainly my brethren should be allowed to draw such sustenance as they can for their admittedly technical ruling[3] from the plaintiff's persistence in sticking by the legal theory of the case which he developed after the record was made up in preference to returning to the at least equally available theory upon which the case was tried below. Possibly a change in strategy might have been the shrewder approach; at any rate, we are now spared the pain of deciding whether a petition for rehearing can restore to us that jurisdiction of which a party's brief or oral argument can rob us. Recent decisions of this court suggest that a matter which should lie easily in the court's discretion, see 11 Geo.Wash.L.Rev. 121, is now in a rather hopeless procedural mess. Compare Richard Irvin & Co. v. Westinghouse Air Brake Co., 2 Cir., 121 F.2d 429 (decision below reversed in part, since invalidity is moot upon a finding of non-infringement); Hazeltine Corp. v. Emerson Television-Radio, Inc., 2 Cir., 129 F.2d 580 (decision below affirmed on one, or possibly two, of the several grounds upon which it was entered); Aero Spark Plug Co. v. B. G. Corp., 2 Cir., 130 F.2d 290 (decision below affirmed for non-infringement only, against the objections of Judge Frank); K. Kaufmann & Co. v. Leitman, 2 Cir., 131 F.2d 308 (decision below, of non-infringement alone, affirmed for invalidity alone, it being then unnecessary to decide as to infringement); the present case (the reviewing court lacks jurisdiction which the trial court has); and Franklin v. Masonite Corp., 2 Cir., Dec. 31, 1942, 132 F.2d 800 (decision below of invalidity and infringement affirmed for non-infringement).

---

[1] " 'All right,' said the Cat; and this time it vanished quite slowly, beginning with the end of the tail, and ending with the grin, which remained some time after the rest of it had gone. 'Well! I've often seen a cat without a grin,' thought Alice; 'but a grin without a cat! It's the most curious thing I ever saw in all my life!' " Carroll, Alice in Wonderland, Chapter VI.

[2] See cases cited in notes 7, 7a, 8, 9 and 12.

[3] None of the cases relied on seems to me to have pertinency; no one involves merely a change in legal theory in appellant's brief after an appeal has been in all respects properly taken.