**Raymond FRAZIER**
v.
**ALLSTATE INSURANCE COMPANY and Nationwide General Insurance Company.**
**Civ. A. No. 3987.**

United States District Court
E. D. Tennessee, S. D.
May 21, 1964.

Spears, Moore, Rebman & Williams, Chattanooga, Tenn., for Nationwide Gen. Ins. Co.

DARR, District Judge.

The complaint reveals that the plaintiff seeks to collect from the defendants as automobile liability insurance carriers for Joe Royce Grinstaff and Lyda Grinstaff the amount of a judgment awarded him against the Grinstaffs by the Superior Court of Dade County, Georgia on September 26, 1962, in the sum of $45,000.00.

Each of the defendants has interposed a motion for a summary judgment upon the ground that the substitute service of process upon the Grinstaffs in the state case did not conform to Georgia law thereby rendering the judgment sued upon void.

From the outset there was much concern as to whether this court had jurisdiction of the subject matter because the state record, made a part of the complaint and which is the basis of this suit, is simply the verdict of the jury. It is properly certified in accord with the Act of Congress and reads as follows:

Massey, Stone & Kirkland, Moore & Wild, Chattanooga, Tenn., for plaintiff.

Goins, Gammon, Baker & Robinson, Chattanooga, Tenn., for Allstate Ins. Co.

"RAYMOND FRAZIER
VS
JOE GRINSTAFF,
LYDA GRINSTAFF
and J & M TRANSPORTATION
COMPANY

NO. 646
DADE SUPERIOR COURT
MARCH TERM, 1961
SUIT FOR DAMAGES

GEORGIA, DADE COUNTY     SEPT. TERM, 1962

We, the Jury hereby find in favor of the Plaintiff Raymond Frazier against the defendants Joe Royce Grinstaff and Lyda Grinstaff in the amount of Forty Five Thousand Dollars ($45,000.00) for damages.

This the 26th day of September, 1962.

(s) Robert Forester
Jury Foreman"

There was great reluctance to go outside the position made by the attorneys representing the parties. Actually an opinion was written undertaking to decide the questions presented by the motions for summary judgment. But, upon reflection and study, it is believed that the Court must note a jurisdictional defect *sua sponte*. It would be a vanity for a judge to try a case to final judgment

when he is convinced early in the proceedings that jurisdiction is wanting.

The cases are uniform in holding that every court has judicial power to determine its own jurisdiction and should it appear at any stage of the proceedings that jurisdiction is lacking the case should be dismissed. United States v. Sobell, D.C., 142 F.Supp. 515, 521, affirmed 2 Cir., 244 F.2d 520, certiorari denied 355 U.S. 873, 78 S.Ct. 120, 2 L.Ed. 2d 77; Cover v. Schwartz, 2 Cir., 133 F. 2d 541, certiorari denied 319 U.S. 748, 63 S.Ct. 1158, 87 L.Ed. 1703, rehearing denied 319 U.S. 785, 63 S.Ct. 1325, 87 L.Ed. 1728; United States ex rel. State of Wisconsin v. First Federal Savings & Loan Ass'n, 7 Cir., 248 F.2d 804, certiorari denied 355 U.S. 957, 78 S.Ct. 543, 2 L.Ed.2d 533. For a number of cases to the same effect see 12 F.Pr.Dig., Courts, 908, ☞39. For later cases see same Topic and Key Number in the Pocket Part.

As heretofore stated this suit is based upon the verdict of a jury in a state court. A verdict is not a judgment but only a basis for the judgment which may or may not be entered on it. 49 C. J.S. Judgments § 4, p. 28, and cases cited. A judgment is distinct from the verdict returned by a jury. 30A Am.Jur., Judgments, § 13, and cases cited. One of the cases cited is Gibson v. Robinson, 90 Ga. 756, 16 S.E. 969, confirming the fact that Georgia follows the general rule.

There are a great number of reported cases which were prosecuted to recover upon the judgment of another court, the jurisdiction for most of them being the full faith and credit provision of the Constitution, Article 4, § 1, and the same provision affecting federal courts by statute found at 28 U.S.C.A. § 1738. But no case can be found where a suit has been instituted upon a verdict of a jury made in another court. So far as can be ascertained this suit is a pioneer effort. Certainly a verdict does not have finality upon which a suit could be based, for a judgment may or may not be entered on it. See Code of Georgia Annotated, Book 30, § 110–404.

Further the complaint discloses that the alleged judgment entered was by default. This brings into play Georgia law found in Book 30, Chapter 110–4, entitled "Judgment by Default". Section 110–401 and Section 110–404 clearly reveal that a default and verdict rendered thereon is distinct and separate from a judgment by default, particularly Section 110–404 contains provisions for opening a default before final judgment whereby the default may be vacated.

Clearly the complaint and the record disclose that the suit in the Georgia court was filed March 30, 1961, a default taken when the defendants failed to make timely answer, and on September 26, 1962 a jury was empaneled to assess the damages and return the written verdict above copied, in accord with Section 101–401 of the Code of Georgia, but no final judgment was ever entered.

After a careful review of all the authorities, the conclusion is reached that there is no jurisdiction over the subject matter in this case and that, for this reason, the complaint should be dismissed.

A judgment will be prepared and submitted in accord with Local Revised Rule No. 18(c) dismissing the complaint for want of jurisdiction.