## McKEOWN v. SOUTHERN CALIFORNIA FREIGHT FORWARDERS et al.
### No. 1885 O'C Civil.

District Court, S. D. California, Central Division.

March 31, 1943.

Richard S. Buckley and Ray McAllister, both of Los Angeles, Cal., for plaintiff.

Henry J. Bischoff, of San Diego, Cal., for defendants.

J. F. T. O'CONNOR, District Judge.

This is an action brought to recover unpaid overtime compensation pursuant to sec. 16(b) of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 216(b). The principal work of the plaintiff was that of a checker employed by the defendant. Goods which were unloaded on the platform were checked by the plaintiff and at times, but infrequently, he assisted in placing the goods in a truck which transported them to their destination, or in a bin. The plaintiff clearly does not come under the jurisdiction of the Interstate Commerce Commission, as that Commission reached the conclusion that: "section 204(a) (1) and (2) [49 U.S.C.A. § 304(a) (1, 2) ] is limited to prescribing qualifications and maximum hours of service for those employees * * * whose activities affect the safety of operation". This limitation was approved in an opinion by Mr. Justice Reed, Supreme Court of the United States, in Re United States v. American Trucking Associations, 310 U.S. 534, 60 S.Ct. 1059, 84 L. Ed. 1345. It is clear the activities of the plaintiff did not affect the "safety of operation".

In re Overnight Motor Transp. Co. v. Missel, 316 U.S. 572, 62 S.Ct. 1216, 1218, 86 L.Ed. 1682, it was held that a rate clerk performing other incidental duties, none of which were connected with the "safety of operation", was engaged in commerce within the meaning of section 7 of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 207, and entitled to the benefits of its overtime provision.

In further elaboration of its views of section 13(b) (1), 29 U.S.C.A. § 213(b) (1), the court declared that this section: "exempts from section 7 employees for whom the Interstate Commerce Commission has power to establish maximum hours of service. This exemption was derived from the Motor Carrier Act of 1935, 49 Stat. 543, 49 U.S.C.A. § 304, which authorized the Commission to regulate 'maximum hours of service of employees.' A definitive order leaving employees with the duty of respondent subject to the Fair Labor Standards Act was not passed by the Commission until March 4, 1941, after respondent's employment ended. This conclusion,

however, was foreshadowed by the ruling of the Commission, December 29, 1937 that it would limit regulations concerning maximum hours to employees whose functions affected the safety of operations. Other orders, bulletins and opinions pointing to the final conclusion intervened. These various determinations now make it clear that respondent was subject at all times since the effective date of the Fair Labor Standards Act to its provisions. The Interstate Commerce Commission never had the power to regulate his hours."

Judgment for the plaintiff, with costs.