## McKEOWN v. SOUTHERN CALIFORNIA FREIGHT FORWARDERS et al.

### No. 1885 O'C Civil.

District Court, S. D. California, Central Division.

Sept. 29, 1943.

See, also, 49 F.Supp. 543.

Richard S. Buckley, Ray McAllister, and Alfred F. Baughn, all of Los Angeles, Cal., for plaintiff.

Henry J. Bischoff, of San Diego, Cal., for defendants.

J. F. T. O'CONNOR, District Judge.

This is an action brought to recover unpaid overtime compensation pursuant to sec. 16(b) of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 216(b). The principal work of the plaintiff was that of a checker employed by the defendant. Goods which were unloaded on the platform were checked by the plaintiff and at times, but infrequently, he assisted in placing the goods in a truck which transported them to their destination, or in a bin. McKeown v. Southern California Freight Forwarders, D.C., 49 F.Supp. 543.

■ The defendant denies any liability to the plaintiff on the ground that even though the court concluded that the plaintiff was engaged as a checker by Southern California Freight Lines, his activities were not sufficiently connected with interstate commerce as entitle him to the benefits of the Fair Labor Standards Act pursuant to sec. 7, 29 U.S.C.A. § 207. Rather than reopen presentation of complicated and voluminous accounts and records, the plaintiff and defendant have stipulated: " * * * that the activities of plaintiff in his employment by defendant Southern California Freight Lines were concerned with and connected with interstate, commerce to the extent of 7% of the plaintiff's total activities during each and every day of each and every week in his said employment." Is this admission sufficient to bring the plaintiff within the rule stated in Kirschbaum Co. v. Walling, 316 U.S. 517, 62 S.Ct. 1116, 1120, 86 L.Ed. 1638, and subsequent United States Supreme Court decisions? " * * * the provisions of the Act expressly make its application dependent upon the character of the employees' activities." Kirschbaum v. Walling, supra. There is no controversy that the defendant, Southern California Freight Lines, also engaged in interstate commerce to the extent of 7%. While conceding the percentage of interstate commerce engaged in by the plaintiff, the defendant emphasizes the unsubstantial nature thereof, and invokes the doctrine of de minimis non curat lex to avoid liability under sec. 7 and sec. 16 of the Act, 29 U.S.C.A. §§ 207 and 216, relating to overtime compensation and liquidated damages, etc. The congressional intent is controlling in the construction of federal statutes. In the absence of an express or implied intent, judicial construction is the final recourse. An examination of the Act negatives any delimitation upon the percentage of the employee's activities in order to preclude or avail himself of its benefits. Nor can such significance be otherwise implied. The problem is not one without its difficulties, both in application and in construction. Consequently, for the purpose of aiding this court in its ultimate conclusion, a review of available cases bearing upon the subject will be helpful.

■ In Goldberg v. Worman, D.C., 37 F.Supp. 778, the defendant employer operated a bakery, from which 3% of the aggregate business was consumed in ship-

ments outside the state. These weekly shipments did not exceed the value of $18 of a total weekly business of about $588. After reviewing the decisions of the Supreme Court relating to the power of Congress to regulate interstate commerce, Santa Cruz Fruit Packing Co. v. N. L. R. B., 303 U.S. 453, 58 S.Ct. 656, 82 L.Ed. 954; N. L. R. B. v. Gulf Public Service Co., 5 Cir., 116 F.2d 852; and N. L. R. B. v. Fainblatt, 306 U.S. 601, 307 U.S. 609, 59 S.Ct. 668, 83 L.Ed. 1014; the trial court concluded: " * * * that the situation here presented falls squarely within the doctrine of de minimis." [37 F.Supp. 779.] The benefits of the Act were denied the plaintiff in Collins v. Kidd, D.C., 38 F.Supp. 634, where the employer was engaged in the manufacture of ice to be sold at retail in a border town. From 75% to 90% of the sales were made in Texas direct to the consumer and no effort was made to ship ice to other localities although the balance was sold in Arkansas. The Fair Labor Standards Act was inapplicable where 98½% of the employer's products over a period of fifteen years were sold in intrastate business and the balance entering interstate transactions was wholly incidental and purely an accommodation. There was no proof to show that the products were manufactured or produced with the intent and purpose of being shipped in interstate commerce. Hooks v. Nashville Breeko Block & Tile Co., D.C., 39 F.Supp. 369. The case of Tucker v. Hitchcock, D.C., 44 F.Supp. 874, resembles the case under consideration in some respects. There, 11.5 per cent of the amount claimed was awarded to the plaintiffs, representing activities related to interstate commerce. The number of hours engaged in the interstate activity rather than the workweek was the standard of measurement of the award. This was predicated upon the plaintiffs' contention that they were occupied at least some time in each workweek. Where the court found the defendant was engaged in interstate commerce, although amounting to only one-fifth of 1% of the entire business of all the departments combined and three-fifths of 1% of the total business, the Fair Labor Standards Act was applied. "While the volume is small as compared with its whole business it is substantial, and it was not casual or incidental but a part of its regular business." Muldowney v. Seaberg Elevator Co., D.C., 39 F.Supp. 275, 281; Drake v. Hirsch, D.C., 40 F.Supp. 290; Ling v. Currier Lumber Co., D.C., 50 F.

Supp. 204. The courts, refusing to apply the Act, emphasize the incidental or casual character of the interstate operation involved. Evincing the disposition of Congress reference to National Labor Relations Act, 29 U.S.C.A. § 151 et seq., but also pertinent here, the Supreme Court through Justice Stone declared: "Given the other needful conditions, commerce may be affected in the same manner and to the same extent in proportion to its volume, whether it be great or small. Examining the Act in the light of its purpose and of the circumstances in which it must be applied we can perceive no basis for inferring any intention of Congress to make the operation of the Act depend on any particular volume of commerce affected more than that to which courts would apply the maxim de minimis." National Labor Relations Board v. Fainblatt, 306 U.S. 601, 307 U.S. 609, 59 S.Ct. 668, 672, 83 L.Ed. 1114. "The quantity of cement shipped out of state is not de minimis merely because it is but a small percentage of respondent's total sales. * * * Congress could not have intended that it would subject laboring men or employers to such a confusing and, in business competition, such a destructive anomaly. Nor is the quantity of a particular product shipped out of state de minimis merely because it is small in proportion to the total interstate commerce in that product from all the states or from the employer's state." N. L. R. B. v. Cowell Portland Cement Co., 9 Cir., 108 F.2d 198, 201.

The activities of the plaintiff, under the facts, were not casual nor spasmodic, but rather a continuous, regular and integral part of his everyday and every week business, partaking of an interstate character. Withholding recognition of these salient factors would be interpolating language into the Act which was not intended by Congress nor observed by the cases construing the statute. It is the opinion of this court that the rule de minimis is not applicable in view of the decisions cited and the stipulation submitted. Some courts have limited the recovery under the Fair Labor Standards Act to the ratio of the percentage of labor performed in interstate commerce to the full amount of labor performed. Tucker v. Hitchcock, D.C. Fla., 44 F.Supp. 874. This important ruling has not yet been passed upon by either the Circuit or Supreme Court.

The plaintiff is entitled to $886.85 in overtime wages, and $886.85 as liquidated

damages as provided in Sec. 207 of the Fair Labor Standards Act, and $150 as attorney fees. Plaintiff will prepare Findings of Fact and Conclusions of Law in accordance with this opinion.