**NEUSTEIN v. MITCHELL et al., Members of and Constituting United States Civil Service Commission.**

District Court, S. D. New York.

Nov. 22, 1943.

See, also, 42 F.Supp. 839; 130 F.2d 197.

Harold L. Herzstein, of New York City, for petitioner.

Francis M. Shea, Asst. Atty. Gen., James B. M. McNally, U. S. Atty., and Laurence H. Axman, Asst. U. S. Atty., both of New York City, and Lawrence V. Meloy, of Washington, D. C. (Joseph A. Fanelli and Jerome C. Strumpf, Department of Justice, both of Washington, D. C., of counsel), for respondents.

COXE, District Judge.

This is a proceeding to review a report and order of the United States Civil Service Commission which determined, after a hearing, that the petitioner had violated Section 12(a) of the Hatch Political Activity Act, 54 Stat. 767, 18 U.S.C.A. § 61*l*(a), and that the violation was of a character to warrant his removal as a member of the Unemployment Insurance Appeal Board, Division of Placement and Insurance, Department of Labor of the State of New York.

The petitioner challenges the report and order of the Commission on two grounds, namely,

(1) That the Commission lacked jurisdiction to make the report and order by reason of the fact that the petitioner had resigned his position prior to the hearing of the charges by the Commission, and

(2) That Section 12(a) of the Hatch Act violates Article X of the Constitution and is invalid in so far as it applies to state employees.

The facts are not in dispute. On September 15, 1941, the United States Civil Service Commission preferred written charges against the petitioner and the State of New York for violation of the Hatch Act. These charges alleged that the peti-

tioner was employed by the State of New York as a member of the Unemployment Insurance Appeal Board, that his employment was in connection with an activity financed by federal funds, and that while so employed he had taken an active part in a specified political campaign in New York City.

The charges were served on the petitioner and on the State of New York as required by Section 12(b) of the Hatch Act, 54 Stat. 767, 18 U.S.C.A. § 61*l*(b), and on September 29, 1941, the petitioner answered, admitting his employment by an agency of the State of New York which was financed by federal funds, but denying the rest of the charges alleging a violation of the Hatch Act. The petitioner submitted with his answer a letter to the Commission, dated September 29, 1941, stating that "in a discussion with Governor Lehman last week, I agreed to resign on October 31, 1941".

On October 6, 1941, the petitioner wrote Governor Lehman, tendering his resignation as a member of the Unemployment Insurance Appeal Board, effective as of October 31, 1941. This resignation was accepted by Governor Lehman on October 28,. 1941, effective on the named date.

In the meantime, the Commission had noticed a hearing on the charges for November 12, 1941. On that date the hearing was opened but was then adjourned sine die pending the determination of a suit brought by the petitioner for a declaratory judgment that the Commission was without jurisdiction to pass on the charges. This suit was later dismissed on the merits by the District Court, Neustein v. Mitchell, D.C., 42 F.Supp. 839, and on appeal to the Circuit Court of Appeals the judgment was modified by dismissing the suit for lack of jurisdiction rather than on the merits. Neustein v. Mitchell, 2 Cir., 130 F.2d 197.

After the determination of the declaratory judgment suit, the Commission again brought on the charges for hearing on August 10, 1942. At this hearing the facts were stipulated, violation of the Hatch Act was admitted, and the petitioner reserved only the right judicially to question the Commission's jurisdiction and the constitutionality of the statute. The case was thereafter submitted to the Commission for determination, and on April 19, 1943, the Commission made the report and order which are the subject of the present review.

In this report and order, the Commission determined that the petitioner had violated Section 12(a) of the Hatch Act, and that the violation was of a character to warrant his removal as a member of the Unemployment Insurance Appeal Board of the State of New York.

■ 1. The resignation of the petitioner did not oust the Commission from jurisdiction to pass on the charges. The proceeding before the Commission was not only against the petitioner, but against the State of New York as well. Under Section 12(b) of the Hatch Act, the state was entitled to notice and representation at the hearing, and under Section 12(c) was entitled to judicial review of the Commission's determination. Moreover, the determination of the Commission was not directly enforcible against the petitioner but was left entirely to the state to deal with it as it chose. It is clear, also, that the Commission's function did not end with a determination that the petitioner had violated the statute, for under Section 12(b) a removed employee could not be re-employed within eighteen months of the Commission's determination. The proceeding before the Commission was in no sense a mere adjudication of private rights; it had a broader purpose in the enforcement of the Hatch Act in the public interest. Jones v. Securities and Exchange Commission, 298 U.S. 1, 56 S.Ct. 654, 80 L.Ed. 1015, is plainly distinguishable. See Neustein v. Mitchell, D.C., 42 F.Supp. 839.

■ 2. The constitutional question requires little consideration. Congress had power to attach proper conditions to loans and grants of federal funds. One of the conditions imposed by Section 12(a) of the Hatch Act was that no "officer or employee" of any state or local agency financed by federal "loans or grants" should take "any active part in political management or in political campaigns". This clearly was a proper condition to the loans or grants to the state; and it.is not open to the charge of coercion on the state. Steward Mach. Co. v. Davis, 301 U.S. 548, 585, 57 S.Ct. 883, 81 L.Ed. 1279, 109 A.L.R. 1293. Under the Hatch Act the state is not even under compulsion to discharge an employee who has violated the statute. If the state wishes to retain such an employee, it may do so; the only penalty is the withholding of federal loans or grants equal to two years' compensation of the offending employee. Section 12(a) of the Hatch Act

is valid. See Stewart v. United States Civil Service Commission, D.C., 45 F.Supp. 697.

The report and order of the Commission are confirmed.